# Order

Michigan Supreme Court
Lansing, Michigan

April 13, 2007

132371 & (42)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

PHILLIP EDWARD COLEMAN,
        Defendant-Appellant.

_____/

SC: 132371
COA: 260309
Muskegon CC: 03-048830-FC

On order of the Court, the application for leave to appeal the September 14, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motion to remand is DENIED.

CAVANAGH, J., would grant leave to appeal.

KELLY, J., dissents and states as follows:

The issue in this criminal sexual conduct case is whether prosecution witnesses improperly vouched for the complainant's testimony. Because I believe that they did and that this may have amounted to plain error, I would grant leave to appeal.

Defendant was convicted by a jury of sexually abusing a 12-year-old girl. There was no physical evidence supporting the charge. Rather, the conviction was based exclusively on the testimony of the complainant and other witnesses. At trial, the prosecutor called a number of witnesses who testified regarding interviews with the complainant.

The first was Melissa Peterson. She was qualified as an expert on typical and atypical behaviors of children in response to sexual abuse. Peterson stated that there were no "red flags" indicating that the complainant had lied during the interview. The next witness was Shawn Baker, a Michigan State Police trooper. She claimed to have had special training in interviewing children about sexual abuse and had learned to look

for "red flags." She stated that the complainant exhibited no "red flags" during the interview.

The third prosecution witness to testify about "red flags" was Sue Johnson, an expert in the field of child sexual abuse interviewing. She also testified that there was nothing to indicate that the complainant was lying. At closing argument, the prosecutor harped on the fact that these witnesses were trained to look for "red flags" and complainant had not exhibited any. Defense counsel did not object to these statements.

On appeal, defendant argues that the testimony of these witnesses regarding "red flags" constituted an improper vouching for the complainant's testimony. The essence of the argument is that, by testifying that the complainant exhibited no "red flags," the experts told the jury that the complainant was telling the truth. I think defendant makes a persuasive argument.

On prior occasions, this Court has been requested to offer guidance on the proper scope of expert testimony in child sexual abuse cases. In *People v Beckley*,[1] we held that "evidence of behavioral patterns of sexually abused children is admissible 'for the narrow purpose of rebutting an inference that a complainant's postincident behavior was inconsistent with that of an actual victim of sexual abuse, incest or rape.'" We cautioned, however, that it would be improper to allow testimony about the truthfulness of the complainant's allegations against the defendant. The underlying purpose of such testimony would be to enhance the credibility of the witness. *Id.* at 727.

This Court again dealt with this issue in *People v Peterson*, 450 Mich 349 (1995). In *Peterson*, we clarified our decision in *Beckley* and set strict parameters for the admission of opinion testimony in child sexual abuse cases. We reaffirmed that an expert may not testify that sexual abuse occurred, may not vouch for the credibility of the complainant, and may not testify that the defendant is guilty. *Id.* at 352. We held that an expert may (1) "testify in the prosecution's case in chief regarding typical and relevant symptoms of child sexual abuse for the sole purpose of explaining a victim's specific behavior that might be incorrectly construed by the jury as inconsistent with that of an actual abuse victim, and (2) an expert may testify with regard to the consistencies between the behavior of the particular victim and other victims of child sexual abuse to rebut an attack on the victim's credibility." *Id.* at 352-353.

In this case, the evidence was not presented for the purpose of explaining the complainant's specific behavior. Nor was it introduced to rebut an attack on the complainant's credibility. The evidence was introduced for the sole purpose of bolstering the complainant's testimony. By stating that they were qualified to perceive "red flags," the witnesses essentially told the jury that they were human lie detectors. They then

---

[1] 434 Mich 691, 710 (1990) (citation omitted).

stated that the complainant did not exhibit any "red flags." The logical inference is that the complainant must have told the truth. It was improper to allow these witnesses to testify regarding the veracity of the complainant's testimony.

The defendant did not object to this testimony at trial. Therefore, the plain error standard of review applies. *People v Carines*, 460 Mich 750, 763 (1999). Reversal for plain error is mandated only if the defendant is actually innocent or if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.* Because the only evidence linking this defendant to the crime was the complainant's testimony, I believe that it may have been plain error to admit this evidence. I would grant leave to appeal to allow full briefing and oral argument on the issue.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

<u>April 13, 2007</u>

p0410

_____
Clerk